**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 21-1197
_____

UNITED STATES OF AMERICA

v.

TYRONE CABINESS,
                    Appellant
_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Crim. Action No. 2:09-cr-00200-001)
District Judge:  Honorable John R. Padova
_____

Submitted on Appellee's Motion for Summary Action
Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
May 20, 2021

Before: AMBRO, SHWARTZ and PORTER, Circuit Judges

(Opinion filed May 26, 2021)
_____

OPINION[*]
_____

PER CURIAM

_____

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

Tyrone Cabiness appeals pro se from an order of the United States District Court for the Eastern District of Pennsylvania denying his motion for compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A). The Government has filed a motion for summary affirmance. For the following reasons, we grant the Government's motion and will summarily affirm the District Court's judgment.

In 2009, Cabiness pleaded guilty to armed carjacking, see 18 U.S.C. § 2119, and using a firearm during and in relation to a crime of violence, see 18 U.S.C. § 924(c)(1). He was sentenced to an aggregate term of 141 months of imprisonment, to be followed by five years of supervised release.[1]

In November 2020, Cabiness filed a pro se motion for compassionate release.[2] (ECF 38.) He argued that he suffers from asthma, which places him at a heightened risk of complications from COVID-19.[3] Cabiness further stressed his "improvements while incarcerated," including completing prison programs, maintaining gainful employment, and strengthening his religious and family ties. Finally, Cabiness outlined his plans

---

[1] Cabiness was sentenced in state court to 8 to 20 years of incarceration for robberies that he committed on the same day as the carjacking. After serving the minimum term of the state sentence, Cabiness was transferred to federal custody.

[2] Cabiness had first sought compassionate release from the warden of FCC Petersburg, in Hopewell, Virginia; the request was denied on July 13, 2020.

[3] He also claimed that he uses an inhaler, that he "cannot do prolonged movements without his experiencing shortness of breath," and that "stress is an exacerbating factor for asthma." Cabiness also asserted that he "cannot always follow social distancing," that "other inmates and staff do not always wear their [personal protective equipment] correctly," and that the prison "has not been diligent in always providing new … face masks on a regular basis and timely manner."

following release, which involve residing with his mother, compliance with COVID-19 safety protocols, and employment at a job that is "waiting for him."

The District Court denied the compassionate release motion, holding that Cabiness did not establish an extraordinary and compelling reason that would justify his early release from incarceration. (ECF 48.) Furthermore, the District Court explained that, even if Cabiness had presented an extraordinary and compelling basis for release, the relevant factors under 18 U.S.C. § 3553(a) weighed against any reduction in his sentence. In particular, the District Court found that the seriousness of Cabiness' offense, his violent criminal history, the fact that he had served only approximately 36% of his sentence, and the danger to the community that he would pose if released weighed against a sentence reduction. Cabiness appealed and has filed his opening brief. (ECF 49; Doc. 5.) The Government has filed a motion for summary affirmance. (Doc. 6.)

We have jurisdiction under 28 U.S.C. § 1291. We review for abuse of discretion the denial of an eligible defendant's motion for a sentence modification under § 3582(c). See United States v. Pawlowski, 967 F.3d 327, 330 (3d Cir. 2020). Thus, we "will not disturb the District Court's decision unless there is a definite and firm conviction that it committed a clear error of judgment in the conclusion it reached upon a weighing of the relevant factors." Id. (alteration, quotation marks, and citation omitted). We may affirm on any basis supported by the record. See Murray v. Bledsoe, 650 F.3d 246, 247 (3d Cir. 2011) (per curiam).

The compassionate release provision states that a district court "may reduce the term of imprisonment" and "impose a term of probation or supervised release" if it finds

3

that "extraordinary and compelling reasons warrant such a reduction."  18 U.S.C. § 3582(c)(1)(A)(i).  Before granting compassionate release, a district court must consider "the factors set forth in [18 U.S.C. §] 3553(a) to the extent that they are applicable." § 3582(c)(1)(A).  Those factors include, among other things, "the nature and circumstances of the offense and the history and characteristics of the defendant," § 3553(a)(1), and the need for the sentence "to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense"; "to afford adequate deterrence to criminal conduct"; and "to protect the public from further crimes of the defendant," § 3553(a)(2)(A)-(C).

Upon review, we conclude that the District Court did not abuse its discretion in denying Cabiness' compassionate release motion.  Even if there were an extraordinary and compelling reason for compassionate release, the applicable § 3553(a) factors do not support relief.  Cabiness had an extensive prior criminal history, including a conviction for a 1998 robbery that involved an assault on the victim and which resulted in a term of imprisonment of two to four years.  He was on probation for that robbery when he committed the carjacking.  Moreover, on the same day that he committed the carjacking, Cabiness robbed two individuals and almost ran over a police officer.  And, at the time the motion was filed, Cabiness had served only approximately one third of his sentence. See Pawlowski, 967 F.3d at 331 (stating that "the time remaining in [the] sentence may— along with the circumstances underlying the motion for compassionate release and the need to avoid unwarranted disparities among similarly situated inmates—inform whether immediate release would be consistent with" the § 3553(a) factors).  Under these

4

circumstances, we find no abuse of discretion in the District Court's assessment of the § 3553(a) factors.

For the foregoing reasons, we grant the Government's motion and will summarily affirm the District Court's judgment.